IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY RAY KNIGHT,<br><br>    Plaintiff,<br><br>  v.<br><br>MONTEREY COUNTY; DR. ELIUD GARCIA,<br><br>    Defendants.<br>/ | No. C 17-2035 WHA (PR)<br><br>**SECOND ORDER OF SERVICE; DENYING APPOINTMENT OF COUNSEL; AMENDING PRIOR ORDER**<br><br>(ECF No. 24) |

Plaintiff, an inmate at North Kern State Prison, filed this civil rights case under 42 U.S.C. 1983 alleging that he fell down stairs while housed at the Monterey County Jail due to defendants' failure provide him adequate medical care and to take adequate safety precautions. One of the defendant's named in the original complaint has settled, and another was dismissed. The third, Dr. Garcia, was served in June 2017, but has not yet appeared. Plaintiff has filed an amended complaint (ECF No. 26) naming Dr. Garcia and the County of Monterey as defendants. When liberally construed, the amended complaint states cognizable claims against both Dr. Garcia and the County of Monterey.

Good cause appearing, it is hereby ordered as follows:

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the AMENDED COMPLAINT (ECF No. 26) with all attachments thereto, and a copy of this order upon defendant **the County of Monterey.** A courtesy copy of the AMENDED COMPLAINT (ECF No. 26) with attachments and this order shall also be mailed to the Monterey County Counsel's Office.

2. Defendants Garcia and the County of Monterey (hereinafter "defendants") **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

3. In order to expedite the resolution of this case:

    a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    e. Along with his motion, defendants shall proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

4. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Plaintiff's motion for appointment of counsel (ECF No. 24) is DENIED because the interests of justice do not require such appointment at this stage. He has thus far shown that he is capable of presenting his claims on his own. The prior order denying the request for appointment of counsel (ECF No. 21) incorrectly stated that this case has been dismissed and is closed. This case is open and has not been dismissed in its entirety. That order is therefore AMENDED to delete any references to the dismissal or termination of this case.

IT IS SO ORDERED.

Dated: May 8, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.