1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOBBY RAY KNIGHT,

          Plaintiff,

  v.

MONTEREY COUNTY; DR. ELIUD
GARCIA,

          Defendants.
_____/

No. C 17-2035 WHA (PR)

**ORDER ON PENDING MOTIONS;
GRANTING LEAVE TO FILE
SECOND AMENDED COMPLAINT;
SETTING DISPOSITIVE MOTION
SCHEDULE**

(ECF No. 35-37, 41, 43-45, 49, 51)

Plaintiff, an inmate currently at the Santa Clara County Jail, filed this civil rights case under 42 U.S.C. 1983 alleging that he fell down the stairs while housed at the Monterey County Jail due to defendants' failure provide him adequate medical care and to take adequate safety precautions. Plaintiff sued Captain James Bass, Dr. Eliud Garcia, and the County of Monterey ("County"). Defendant Bass and plaintiff filed a stipulated dismissal of the claims against Bass. Thereafter, Plaintiff filed an amended complaint (ECF No. 26) naming Dr. Garcia and the County of Monterey as defendants. The amended complaint was served upon them.

The County has filed a motion to dismiss, Dr. Garcia has filed a motion for an extension of time to file a dispositive motion, and Plaintiff has filed a motions for summary judgment, for reconsideration, for appointment of counsel, and for leave to file a second amended complaint. These motions are addressed in turn.

Plaintiff's proposed second amended complaint (ECF No. 46) names the same defendants based upon plaintiff's fall down the stairs, but he adds claims for discrimination on the basis of his disability. Liberally construed, such a claim is cognizable, and accordingly, leave to file the second amended complaint is **GRANTED**.

Because the second amended complaint is the operative complaint, the County's motion to dismiss the claims in the first amended complaint is **DENIED** as moot. Moreover the County's defendant's arguments are not properly raised in a motion to dismiss because they are based upon matters that are outside of the complaint and attachments and that are not judicially noticeable. Specifically, the County's motion relies upon a release of liability that was attached to the stipulated dismissal order (ECF No. 13) and events surrounding the negotiation of that release. While the stipulated dismissal order itself is judicially noticeable, that order only provides for the dismissal of the claims against Bass, not the claims against the County. If the County wishes to argue that plaintiff also released his claims against that entity based upon evidence of a release agreement and the negotiation of such an agreement, such an argument must be made in a motion for summary judgment, not in a motion to dismiss. The County may move for summary judgment pursuant to the schedule for such a motion is set forth below. Both the County and defendant Garcia are cautioned that they may not file serial summary judgment motions but will each have only one opportunity to move for summary judgment. Therefore, defendants must raise all of the arguments for summary judgment that they wish to have considered in a motion filed in accordance with the schedule ordered below. They may file separate motions from each other or a single, joint motion.

Plaintiff's motion for summary judgment is **DENIED** as premature. It was filed and briefed by the defendants when the operative complaint was the first amended complaint, which is no longer the case. Plaintiff may re-file the motion pursuant to the schedule ordered below, with any modifications he deems necessary based upon the second amended complaint.

Plaintiff's motion for relief from the settlement agreement is **Denied** as unnecessary in light of the denial of the County's motion to dismiss. If the County argues in its summary judgment motion that the settlement releases it from liability for Plaintiff's claims, Plaintiff may raise his arguments in his opposition.

Plaintiff's motion for appointment of counsel is **DENIED** because there is no right to counsel in this case. If counsel for plaintiff becomes necessary at a later stage, the case will be

referred for location of counsel to represent plaintiff on a pro bono basis.

Good cause appearing, Garcia's motions for an extension of time in which to file a summary judgment are **GRANTED**. The deadline for filing such a motion is as follows:

No later than **91 days** from the date this order is filed, the parties shall file a motion for summary judgment. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. No further extensions of the deadline will be allowed except upon a showing of extraordinary cause.

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

Along with his motion, defendants shall proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

IT IS SO ORDERED.

Dated: December 20 , 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.